20016

The STATE, Respondent, v. Mary Louise MOORE, Appellant

(215 S. E. (2d) 208)

*Richard G. Dusenbury, Esq.,* of Florence, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Joseph R. Barker* and *Brian P. Gibbs, Asst. Attys. Gen.,* of Columbia, and *T. Kenneth Summerford, Sol.,* of Florence, *for Respondent,*

May 26, 1975.

Moss, Chief Justice:

Mary Louise Moore, the appellant herein, was indicted and tried for murder at the 1974 October Term of the Court of General Session for Florence County. At the close of the State's case, the court reduced the charge from murder to manslaughter. The jury found the appellant guilty of voluntary manslaughter. Timely intention to appeal from the conviction and sentence was given.

The indictment charged that on July 20, 1974, the appellant did kill and murder one Robert Anthony by means of an assault, hitting and wounding him with a piece of pipe, and as a proximate result thereof he did die on July 21, 1974.

The testimony shows, and the appellant admits, that at about 12:30 P. M. on July 20, 1974, she went into the room occupied by Robert Anthony, found him lying on the bed, confronted him for molesting her child, and shortly thereafter struck him several times on his head with a piece of iron pipe. The deceased, following the admitted assault upon him by the appellant, was taken to a hospital and there treated by a physician who bandaged his head before releasing him to the police. Anthony was then taken to the city jail at about 2:00 P. M., and placed in a detention cell which had a concrete floor and a steel bench about two feet off the floor. There is some testimony that the deceased was seen lying on this bench. At about 5:30 P. M., of that day an officer found the deceased lying on the concrete floor, and he was then taken to a holding cell equipped with a mattress. At about 3:45 A. M., on the morning of July 21, 1974, an officer noticed that the deceased had not changed his position in the holding cell. He' was then taken to a hospital in the City of Florence and thereafter transferred to a hospital in the City of Columbia where he was operated on at about 10:00 A. M. He died on that day. An autopsy was performed the next day.

The physician who performed an autopsy gave as his medical opinion that Anthony died of brain damage which was the result of a blunt trauma to the right side of the head.

The physician who performed the surgery upon Anthony testified that when he first saw him he was suffering from a very severe head injury and that there was evidence of multiple blows to the head. He gave as his medical opinion that this man's death was caused by head trauma inflicted by a blunt instrument.

There is ample evidence from which the jury could conclude that Anthony's death was the result of multiple blows to the right side of his head with a blunt instrument.

It is the position of the appellant that Anthony's death could have been caused by falling from the steel bench and striking his head upon the concrete

floor of the cell. There is evidence that the deceased occupied the steel bench and was thereafter found on the concrete floor, but we find no evidence that he fell from the bench to the floor nor that such caused his death.

The jury was fully instructed that they were the sole judges of the credibility of the witnesses, and of the force and effect to be given to their testimony. They were also instructed that the defendant is presumed to be innocent and such presumption remains with her throughout the trial of the case, until her guilt is proved beyond a reasonable doubt.

The trial judge fully charged the jury upon the issue of proximate cause, as follows:

". . . the proximate result thereof—proximate cause means the real cause, and of course, the State has the burden of showing that the real cause of his death was the assault— the alleged criminal assault made by the defendant upon the said Robert Anthony. . . .

\* \* \*

". . . there rests upon the State the burden of proving beyond a reasonable doubt that the death of the deceased, Robert Anthony, occurred, and that his death was caused by the criminal act, or the criminal assault of the defendant in this case. If the State has convinced you of that beyond a reasonable doubt, the verdict should be guilty. If you have a reasonable doubt as to either of those elements that reasonable doubt must be resolved in favor of the defendant."

The appellant assigns as error the failure of the trial judge, at her request, to add to the foregoing charge "but a defendant is not responsible for independent intervening causes that are not naturally connected or foreseeable."

We do not think that this refusal could have been prejudical to the appellant. The jury was fully instructed that it could not convict the appellant unless it found, beyond a reasonable doubt, that the death of Robert Anthony was proximately caused by the criminal act or assault of the ap-

pellant. The issue of what caused the death of Robert Anthony was for the jury. We think that under the facts of this case the trial judge's charge was adequate and the failure to give the requested charge could not have been prejudicial to the appellant.

The exception of the appellant is overruled and the judgment below is,

Affirmed.

LEWIS, LITTLEJOHN and NESS, JJ., and BRAILSFORD, A. A. J., concur.